UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDUAR JOEL ARANDA BERMUDEZ,

        *Petitioner*,

v.                                      Case No. 3:25-cv-1347-JEP-PDB

RONNIE WOODALL, et al.,

        *Respondents*.

_____/

## <u>ORDER</u>

Through counsel, Petitioner, Eduar Joel Aranda Bermudez, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a) (Doc. 1). Petitioner alleges that: he is a citizen of Honduras who entered the United States without inspection or parole on June 8, 2019, as a fourteen-year-old child; he received a notice to appear dated June 9, 2019, charging him with being subject to removal, but not providing any specific date to appear;[1] on August 25, 2020, after being abandoned by his mother, he filed an application for asylum which remains pending; he was granted work

---

[1] Respondents explain that this notice to appear was never filed with the court. (Doc. 11 at 2).

authorization, finished high school, and filed taxes; on September 29, 2025, Florida Highway Patrol initiated a traffic stop, which ultimately resulted in ICE taking Petitioner into custody, despite him having no known criminal history; and on October 23, 2025, an Immigration Judge denied Petitioner's request for a bond. (Doc. 1 at 2, 3, 7–8; *see also* Doc. 1-1). At the heart of this case is Petitioner's contention that his detention is governed by 8 U.S.C. § 1226(a)—not § 1225(b)(2)(A). (Doc. 1 at 2–3, 8-14).

Respondents Garrett Ripa, Pamela Bondi, Todd M. Lyons, and Kristi Noem (collectively, "the Federal Respondents") filed a response, arguing that the Court lacks jurisdiction to entertain the petition and that in any event the petition lacks merit because Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2). (Doc. 11). Respondent Ronnie Woodall filed a motion to dismiss, arguing that he is not a proper respondent. (Doc. 17).

Petitioner filed a reply and notice of supplemental authority. (Docs. 12, 13). Petitioner opposes the Federal Respondents' jurisdictional argument and recognizes that "[t]his case turns on whether Petitioner's present detention is governed by 8 U.S.C. § 1225(b)(2), a mandatory detention provision, or 8 U.S.C. § 1226(a), a discretionary detention provision that affords Petitioner the procedural right to a bond hearing." (Doc. 12 at 1).

In an order issued on January 26, 2026, this Court addressed these same claims and arguments, concluding that the Court has jurisdiction, but the

relevant statutory language and context support the Federal Respondents'
position that an alien without lawful admission who has resided in the United
States for some appreciable period of time is subject to mandatory detention
under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal
Operations*, --- F. Supp. 3d ---, No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938
(M.D. Fla. Jan. 26, 2026); *see also Costa v. Noem*, No. 3:25-cv-1384-JEP-MCR,
2026 WL 456771, at *1 (M.D. Fla. Feb. 18, 2026).

As did the petitioner in *Diaz Lopez*, Petitioner claims that his detention
without a bond hearing violates the Immigration and Nationality Act ("INA")
and the Due Process Clause of the Fifth Amendment to the United States
Constitution. (*See* Doc. 1 at 14–16). To the extent that Petitioner's claims and
arguments are the same as those addressed in *Diaz Lopez*, for the reasons
stated in that order, this Court concludes that § 1225(b)(2)(A) governs
Petitioner's detention. *See generally Diaz Lopez*, 2026 WL 261938; *see also
Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-08 (5th Cir. 2026) (likewise
holding that § 1225(b)(2)(A) mandates detention of aliens who are present in
the United States without having been admitted).[2]

---

[2] To date, while numerous district courts have addressed the statutory
interpretation question that Petitioner presents, only one court of appeals—the Fifth
Circuit—has squarely done so. And in that recently issued opinion, the Fifth Circuit
gave the same answer that this Court did in *Diaz Lopez*. Having reviewed the opinion,
this Court deems highly persuasive the Fifth Circuit's dispassionate, carefully
reasoned, and thorough analysis, which the court judiciously confined to the statutory

On September 29, 2025, the Department of Homeland Security ("DHS") noted that Petitioner's basis for removal was being an alien present in the United States without admission or parole under § 212(a)(6)(A)(i)[3] and being an immigrant without an immigrant visa under § 212(a)(7)(A)(i)(I). (Doc. 1-4 at 4). DHS further recognized that on June 8, 2019, U.S. Border Patrol encountered Petitioner while he was attempting to cross into the United States without inspection, he was issued a notice to appear that was never filed with the court, and released as part of a family unit. (*See id.*). Although Petitioner encountered—and was temporarily apprehended by—U.S. Border Patrol when he entered the country in 2019, his status is no different than the petitioner's in *Diaz Lopez* for purposes of considering whether § 1225(b)(2)(A) or § 1226(a) applies to his detention: he is a noncitizen who has been living in the country for some time without having been admitted, and he has been detained for his removal proceedings. As such, for the reasons stated in *Diaz Lopez*, Petitioner is lawfully detained under § 1225(b)(2)(A) and his claims fail. *See Diaz Lopez*, 2026 WL 261938; *see also Buenrostro-Mendez*, 166 F.4th at 502-08.

Therefore, it is **ORDERED** and **ADJUDGED**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

---

text, structure, context, and history, without discussion of extraneous considerations. *See generally Buenrostro-Mendez*, 166 F.4th at 502-08.

[3] Section 212 is codified at 8 U.S.C. § 1182.

2. Respondent Ronnie Woodall's motion to dismiss (Doc. 17) is

**DENIED as moot**.

3. The Clerk is **DIRECTED** to enter judgment, terminate any

pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on March 11, 2026.


_____

JORDAN E. PRATT

UNITED STATES DISTRICT JUDGE



c:
Counsel of Record

5